**THE SHAPIRO FIRM, LLP**
Robert J. Shapiro
Jonathan S. Shapiro
500 Fifth Avenue, 14th Floor
New York, New York 10110
Telephone: 212-391-6464

*Local Counsel for Plaintiffs*

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
John A. Kehoe
David Kessler
Stuart L. Berman
Darren J. Check
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610-667-7706

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILMARINEN MUTUAL PENSION INSURANCE COMPANY, | CASE NO. **08-CV-1973** |
| Plaintiff, | |
| vs. | **WAIVER OF SERIVICE OF SUMMONS** |
| VIVENDI, S.A., JEAN-MARIE MESSIER and GUILLAUME HANNEZO | [Fed. R. Civ. P.4(d)] |
| Defendants. | |

I acknowledge receipt of your request that I waive service of a summons in the above captioned action, case number **08-CV-1973**, in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the

action, this instrument, and an additional copy of the Notice and request and an additional copy of this instrument, together with an addressed return Federal Express envelope, prepaid by attorneys for Plaintiff, by which I can return a copy of the signed waiver to you with no cost.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the party on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the party on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served on you within 60 days from February 29, 2008, subject to the Court's January 7, 2008 Scheduling Order.

Dated: March 19, 2008

Vivendi Universal, S.A.
By: CRAVATH SWAINE & MOORE LLP
On behalf of and as counsel for defendant
Vivendi Universal, S.A.

*Michael T. Reynolds*

Paul C. Saunders, Esq.
Daniel Slifkin, Esq.

MICHAEL T. REYNOLDS
Print Name
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

2

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF PROCESS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cost of service of the summons and complaint. A defendants located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

3